UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFE DEARL RAMSEY,<br><br>           Plaintiff,<br><br>      v.<br><br>TUOLUMNE COUNTY SHERIFF'S OFFICE, et al.,<br><br>           Defendants. | No.  1:24-cv-00650 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IT SHOULD NOT BE RECOMMENDED THAT THIS MATTER BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **JULY 24, 2024** |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why it should not be recommended that this matter be summarily dismissed for failure to exhaust administrative remedies prior to filing suit in this Court.  He will be given fourteen days to do so.

I.      THE COMPLAINT

Plaintiff, an inmate at Tuolumne County Jail, names Tuolumne County Sheriff's Office, Tuolumne County Jail, and its medical staff[1] as defendants in this action. ECF No. 1 at 1-2. He

---

[1] Although the Tuolumne County Medical Staff is named as a defendant in this matter (see ECF No.1 at 2), it is not listed as a defendant in the case caption of the docket. Therefore, the Clerk of

alleges that his right to adequate medical care is being violated because he has waited for two weeks to have a foreign object[2] removed from his finger, despite having submitted a medical care request on May 14, 2024. Id. at 3. He also asserts that he has made verbal requests for help for two days prior to submitting the request. Id.

Plaintiff contends that because Defendants had not given him timely medical care, he asked another inmate to help him remove the object by using his nails and teeth. ECF No. 1 at 3. However, the attempt failed as part of the object in his finger broke and stayed in leaving his finger inflamed and painfully swollen. Id. Plaintiff states that as of May 28, 2024, – the day he signed the complaint – he still had not received medical care for his finger. Id.

Plaintiff argues that as a result of Defendants' inaction he has had to endure pain and suffering, both from having the object in his finger, and from having to attempt to have it removed in a barbaric way. ECF No. 1 at 3. He seeks punitive damages as well as damages for his pain and suffering. Id. at 6. Plaintiff also states that he has not exhausted his administrative remedies because "filing a medical grievance would yield no results, as [he has] already resolved the medical issue [himself]." Id. at 3 (brackets added).

## II    APPLICABLE LAW: THE EXHAUSTION REQUIREMENT

### A. The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). As a result, it is usually a defendant's burden "to prove that there was an

---

Court will be ordered to add it as a defendant there.

[2] Plaintiff believes that the foreign object is a stinger. ECF No. 1 at 3.

2

1  available administrative remedy, and that the prisoner did not exhaust that available remedy."
2  Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir.
3  1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that there
4  is something in his particular case that made the existing and generally available administrative
5  remedies unavailable to him."  Id.

6  At the same time, however, "a complaint may be subject to dismissal for failure to state a
7  claim when an affirmative defense (such as failure to exhaust) appears on the face of the
8  pleading."  Jones, 549 U.S. at 215.  Exhaustion is not a jurisdictional requirement for bringing an
9  action.  See Woodford, 548 U.S. at 101.

10  Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists
11  as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no
12  'remedies ... available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff,
13  422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner,
14  532 U.S. 731 (2001)).

15  "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of
16  administrative remedies:  An inmate ... must exhaust available remedies, but need not exhaust
17  unavailable ones."  Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing
18  availability in Ross, the Supreme Court identified three circumstances in which administrative
19  remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end"
20  in which officers are "unable or consistently unwilling to provide any relief to aggrieved
21  inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner
22  can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking
23  advantage of a grievance process through machination, misrepresentation, or intimidation."  Ross,
24  578 U.S. at 643-44.  "[A]side from [the unavailability] exception, the PLRA's text suggests no
25  limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' "  Id. at
26  639.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes,
27  foreclosing judicial discretion."  Id. at 639.

28

B. <u>California Regulations Governing Exhaustion of Administrative Remedies</u>

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting <u>Jones</u>, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. <u>Woodford</u>, 548 U.S. at 90. The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested. "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." <u>Reyes v. Smith</u>, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); <u>Harvey v. Jordan</u>, 605 F.3d 681, 683 (9th Cir. 2010)).

III. <u>DISCUSSION</u>

As stated above, federal law requires that prisoner litigants exhaust all administrative remedies prior to filing their complaints in federal court. <u>See</u> 42 U.S.C. § 1997e(a); <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies . . . before that complaint is tendered to the district court."). There are few exceptions to this rule. <u>See</u> <u>Ross</u>, 578 U.S. at 643-44 (exceptions to exhaustion requirement).

The filing of a grievance serves to give a prison notice of the problem that a prisoner would like to have resolved. <u>See</u> generally <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 824 (9th Cir. 2010); <u>Parthemore v. Col</u>, 221 Cal. App. 4th 1372, 1380 (2013). Additionally, the purpose of the exhaustion requirement is to give corrections officials both the time and the opportunity to address complaints internally before a federal case is started. <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25 (2002); <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting <u>Nussle</u>).

Plaintiff's assertion that he did not exhaust administrative remedies because he has already resolved the issue with his finger himself (<u>see</u> ECF No. 1 at 3) does not, on its face, appear to be an acceptable excuse under <u>Ross</u>. His failure to begin the exhaustion process prior to filing a complaint in this Court failed to give Defendants formal notice of his medical issue. As a result, Defendants were not given a formal opportunity to address Plaintiff's problem. This violated both state and federal law. If, however, Plaintiff can show that he was excused from the

exhaustion requirement because one of the Ross exceptions to exhaustion was applicable to his situation, he will be able to proceed with this matter. He will be given the opportunity to do so in his filing of a showing of cause. If Plaintiff is unable to show cause why this matter should not be summarily dismissed for failure to exhaust, the undersigned will recommend dismissal.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to add Tuolumne County Medical Staff as a defendant in this action. See ECF No. 1 at 2;

2. Plaintiff shall SHOW CAUSE why it should not be recommended that this matter be SUMMARILY DISMISSED for failure to exhaust administrative remedies prior to filing this action, and

3. Plaintiff's showing of cause shall be filed by **July 24, 2024**.

**Plaintiff is cautioned that absent exigent circumstances, no extensions of time will be granted to comply with this order.**

IT IS SO ORDERED.

Dated:   **July 10, 2024**                              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE