# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFE DEARL RAMSEY, | Case No. 1:24-cv-00650-FRS (BAM) (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 9) |
| v. | |
| TUOLUMNE COUNTY SHERIFF'S OFFICE, et al., | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| Defendants. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.      Background

Plaintiff Rafe Dearl Ramsey ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 11, 2024, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies.  (ECF No. 9.)  On July 29, 2024, Plaintiff filed a response to the order to show cause.  (ECF No. 10.)

On October 6, 2025, this matter was reassigned from Magistrate Judge Gary S. Austin to Magistrate Judge Erica P. Grosjean for all further proceedings.  (ECF No. 11.)  On October 22, 2025, the Court's reassignment order was returned as "Undeliverable, RTS – Return to Sender,

1

No Such Street, Unable to Forward."

On January 6, 2026, this matter was temporarily assigned to Fresno Magistrate Judge (FRS) and temporarily referred to Recalled Magistrate Judge Barbara A. McAuliffe.  (ECF No. 12.)  On January 7, 2026, the temporary assignment order was returned as "Undeliverable, RTS, Refused, Unable to Forward."

Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

## II.    Order to Show Cause Re: Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

In the complaint, Plaintiff states that while there are administrative remedies (grievance procedures or administrative appeals) available at his institution, he did not submit a request for

administrative relief or appeal his request for relief to the highest level.  (ECF No. 1, p. 3.)
Plaintiff states that he did not do so "[b]ecause filing a medical grievance would yield no results,
as I have already resolved the medical issue myself."  (*Id.*)

In his response to the Court's order to show cause, Plaintiff further explains that while he
did request a medical grievance form, his request was either forgotten or neglected.  (ECF No.
10.)  Thus, although medical grievances serve more or less as a supplemental medical request that
will only result in an attempt to resolve the medical issue, and Plaintiff no longer had a medical
issue, Plaintiff asserts that he did notify jail staff and request a grievance form anyway, but was
ignored.  (*Id.*)

Based on Plaintiff's assertions, it is not clear from the face of the complaint that Plaintiff
failed to exhaust administrative remedies prior to filing suit.[1]  While exhaustion is required
regardless of the relief sought by the prisoner and regardless of the relief offered by the process,
*Booth v. Churner*, 532 U.S. 731, 741 (2001), Plaintiff appears to allege that the grievance process
was unavailable to him because his request for a grievance form was ignored.  As such, the Court
finds it appropriate to discharge the order to show cause.

**III.    Failure to Update Address**

Plaintiff is required to keep the Court apprised of his current address at all times. Local
Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and
> opposing parties advised as to his or her current address.  If mail directed to a
> plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and
> if such plaintiff fails to notify the Court and opposing parties within thirty (30) days
> thereafter of a current address, the Court may dismiss the action without prejudice
> for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to
prosecute.[2]

///

---

[1] The instant order does not preclude the filing of a later dispositive motion on the issue of exhaustion of
administrative remedies.

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon
Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

3

Plaintiff's address change was due no later than November 21, 2025.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case and updating his address.  More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

## IV.    Order and Recommendation

Accordingly, IT IS HEREBY ORDERED as follows:

1. The July 11, 2024 order to show cause, (ECF No. 9), is DISCHARGED; and

2. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

* * *

Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

4

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 14, 2026**                     /s/ *Barbara A. McAuliffe*     _
                                                     UNITED STATES MAGISTRATE JUDGE

5